UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| TARSEM SINGH,<br><br>　　　　　　　Petitioner,<br><br>　　v.<br><br>JEFFERSON SESSIONS, et al.,<br><br>　　　　　　　Respondents. | Case No. C18-516-MJP-JPD<br><br>REPORT AND RECOMMENDATION |

## I.　INTRODUCTION

Petitioner, a native and citizen of India who is currently detained at the Northwest Detention Center in Tacoma, Washington, brings this 28 U.S.C. § 2241 immigration habeas action through counsel.  Petitioner contends that his detention has become indefinite, and therefore he must be released on reasonable conditions.  The Government has moved to dismiss, arguing that petitioner's removal to India is reasonably foreseeable.  Petitioner opposes dismissal.  Having considered the parties' submissions, the balance of the record, and the governing law, the Court recommends that the Government's motion to dismiss be GRANTED, petitioner's habeas petition be DENIED, and this action be DISMISSED without prejudice to filing another action if there is a material change in circumstances.

REPORT AND RECOMMENDATION - 1

## II. BACKGROUND

Petitioner last entered the United States illegally in December 1996. Dkt. 8-1 at 2. In May 1997, he was served with a Notice to Appear and placed in removal proceedings. *Id.* In February 1998, an immigration judge ordered petitioner removed to India. *Id.*; Dkt. 8-2. Petitioner appealed, and the Board of Immigration Appeals affirmed. Dkt. 8-3. Petitioner sought review by the Ninth Circuit, which denied his petition in June 2004. Dkt. 8-4.

In January 2005, the U.S. Immigration and Customs Enforcement Office of Enforcement and Removal Operations ("ICE-ERO") issued a Warrant of Removal/Deportation and ordered petitioner to appear for removal on February 7, 2005. Dkts. 8-5 & 8-6. Petitioner failed to appear. Dkt. 8-6.

On September 26, 2017, petitioner was arrested in Spokane County, Washington, for Controlled Substance Possession and turned over to the U.S. Border Patrol. Dkt. 8-1 at 2. On October 3, 2017, he was transferred to ICE custody at the Northwest Detention Center. *Id.* On November 2, 2017, ICE-ERO delivered a request for a travel document to the Embassy of India ("the Embassy"). Dkt. 8-9 at 6; Dkt. 8-10. On March 15, 2018, the Embassy requested an updated National Verification form from petitioner. Dkt. 8-9 at 6. Petitioner completed the form, which ICE-ERO submitted to the Embassy on March 30, 2018. *Id.* Deportation Officer Scott Meyer, ICE-ERO's liaison with the Embassy concerning the removal of Indian nationals detained in Washington State, has submitted a declaration stating that he expects that the Embassy will issue a travel document in July 2018. Dkt. 9 at ¶ 8. To date, the Embassy has neither granted nor denied petitioner's request for a travel document.

Since his arrest, petitioner has received two custody reviews. On December 27, 2017, an ICE officer determined to continue his detention, finding that he presented a flight risk and a

danger to the community. Dkt. 8-8. On April 4, 2018, an ICE officer again reviewed petitioner's custody status and reached the same conclusion. Dkts. 8-1 & 8-9.

Petitioner initiated this action on April 6, 2018. Dkt. 1. The Court directed service of his habeas petition, and on May 16, 2018, the Government moved to dismiss. Dkt. 7. The motion to dismiss is now fully briefed and ripe for review.

### III.   DISCUSSION

Title 8 U.S.C. § 1231 governs the detention and release of noncitizens who have been ordered removed. Under § 1231(a), the Department of Homeland Security ("DHS")[1] is required to detain a noncitizen during the "removal period,"[2] which in this case expired in 2004. *See* 8 U.S.C. §§ 1231(a)(2), (a)(1)(B); Dkt. 8-4. After the removal period expires, DHS has the discretionary authority to continue to detain certain noncitizens or to release them on supervision. 8 U.S.C. § 1231(a)(6). Specifically, DHS may detain a noncitizen who has been determined "to be a risk to the community or unlikely to comply with the order of removal," or who is inadmissible. *Id.* Petitioner meets both criteria. ICE has reviewed his custody status twice and determined that continued detention is warranted because he is a flight risk and a danger to the community. Dkts. 8-8, 8-9, 9. Additionally, petitioner is inadmissible because he is present in the United States without being admitted. *See* 8 U.S.C. § 1182(a)(6)(A)(i) ("[A noncitizen] present in the United States without being admitted or paroled, or who arrives in the

---

[1] Although the relevant statutory sections refer to the Attorney General, the Homeland Security Act of 2002, Pub. L. No. 107-296 § 471, 116 Stat. 2135 (2002), transferred most immigration law enforcement functions from the Department of Justice ("DOJ") to DHS, while the DOJ's Executive Office for Immigration Review retained its role in administering immigration courts and the Board of Immigration Appeals. *See Hernandez v. Ashcroft*, 345 F.3d 824, 828 n.2 (9th Cir. 2003).

[2] The removal period is the 90-day period that begins on the latest of (i) the date the order of removal becomes administratively final; (ii) if the removal order is judicially reviewed and if a court orders a stay of the removal of the noncitizen, the date of the court's final order; or (iii) if the noncitizen is detained or confined (except under an immigration process), the date the noncitizen is released from detention or confinement. 8 U.S.C. § 1231(a)(1)(B).

REPORT AND RECOMMENDATION - 3

United States at any time or place other than as designated by the Attorney General, is inadmissible.").

Although § 1231(a)(6) authorizes ICE to detain petitioner, it cannot do so indefinitely. In *Zadvydas v. Davis*, the Supreme Court held that § 1231(a)(6) implicitly limits a noncitizen's detention to a period reasonably necessary to bring about that individual's removal from the United States, and does not permit "indefinite" detention. 533 U.S. 678, 701 (2001). The Supreme Court determined that it is "presumptively reasonable" for DHS to detain a noncitizen for six months following entry of a final removal order while it works to remove the individual from the United States. *Id.* "After this 6-month period, once the [noncitizen] provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut that showing." *Id.* If the Government fails to rebut the noncitizen's showing, the noncitizen is entitled to habeas relief. *Id.*

The Supreme Court has noted that the six-month presumption "does not mean that every [noncitizen] not removed must be released after six months. To the contrary, [a noncitizen] may be held in confinement until it has been determined that there is no significant likelihood of removal in the reasonably foreseeable future." *Id.* Nevertheless, courts must remember "as the period of prior postremoval confinement grows, what counts as the 'reasonably foreseeable future' conversely would have to shrink." *Id.*

As noted above, petitioner has the burden of providing "good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future." *Zadvydas*, 533 U.S. at 701. Petitioner asserts that the Embassy will categorically deny his request for a travel document because he does not have an Indian passport and the Embassy will be unable to verify his citizenship. Dkt. 1 at 3. Petitioner argues that the Court must grant his habeas petition

REPORT AND RECOMMENDATION - 4

because there are no facts in the record suggesting that his removal is "imminent." Dkt. 10 at 3. He contends that Officer Meyer's expectations regarding when a travel document will issue do not reliably predict whether he will be removed. *Id.* Petitioner also points out that there is no evidence that the Embassy has been able to verify the information in his updated National Verification form. *Id.* at 4.

Petitioner does not meet his burden. First, the fact that the Embassy requested updated information indicates that the Embassy is not taking a "categorical" approach to his request for a travel document, contrary to petitioner's assertion. Second, *Zadvydas* does not require the Government to come forward with evidence suggesting petitioner's removal is "imminent" or that the Embassy has verified his information. The burden is on petitioner to provide "good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future." *Zadvydas*, 533 U.S. at 701. Given that his application for a travel document is still under consideration, he does not meet this burden. *See Diouf v. Mukasey* ("*Diouf I*"), 542 F.3d 1222, 1233 (9th Cir. 2008) (detention becomes indefinite if, for example, the country designated in the removal order refuses to accept the noncitizen, or if removal is barred by the laws of this country). Although petitioner's continued detention may become indefinite in the future, it is not yet at that point. If there is a material change in circumstances (i.e., the Embassy denies his travel document application) and he remains detained, he may file a new habeas petition.

## IV. CONCLUSION

The Court recommends that the Government's motion to dismiss, Dkt. 7, be GRANTED; petitioner's habeas petition be DENIED; and this action be DISMISSED without prejudice to filing another action if there is a material change in circumstances. A proposed order accompanies this Report and Recommendation.

REPORT AND RECOMMENDATION - 5

Objections to this Report and Recommendation, if any, should be filed with the Clerk and served upon all parties to this suit by no later than **July 18, 2018**.  Failure to file objections within the specified time may affect your right to appeal.  Objections should be noted for consideration on the District Judge's motion calendar for the third Friday after they are filed.  Responses to objections may be filed within **fourteen (14)** days after service of objections.  If no timely objections are filed, the matter will be ready for consideration by the District Judge on **July 20, 2018.**

This Report and Recommendation is not an appealable order.  Thus, a notice of appeal seeking review in the Court of Appeals for the Ninth Circuit should not be filed until the assigned District Judge acts on this Report and Recommendation.

Dated this 27th day of June, 2018.

*/s/ James P. Donohue*

JAMES P. DONOHUE
United States Magistrate Judge

REPORT AND RECOMMENDATION - 6