# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON
# AT SEATTLE

| | |
|---|---|
| TARSEM SINGH, | CASE NO. C18-516 MJP |
| Petitioner, | ORDER ADOPTING REPORT AND RECOMMENDATION |
| v. | |
| JEFFERSON SESSIONS, et al., | |
| Respondents. | |

The above-entitled Court, having received and reviewed

1. Report and Recommendation (Dkt. No. 12),

2. Petitioner's Objections to Magistrate Judge's Report and Recommendation (Dkt. No. 13),

3. Government's Response to Objections to the Report and Recommendation (Dkt. No. 14),

4. Petitioner's Reply to Government's Response to Objections to the Report and Recommendation (Dkt. No. 15),

and all relevant portions of the record, rules as follows:

IT IS ORDERED that the Report and Recommendation is ADOPTED; the Government's motion to dismiss is GRANTED; Petitioner's habeas petition is DENIED; and this action is DISMISSED without prejudice to file another action should there be a material change in circumstances.

**Background**

Neither party disputed the background facts presented by the Report and Recommendation, and the Court adopts and incorporates them herein:

> Petitioner last entered the United States illegally in December 1996. Dkt. 8-1 at 2. In May 1997, he was served with a Notice to Appear and placed in removal proceedings. Id. In February 1998, an immigration judge ordered petition removed to India. Id.; Dkt. 802. Petitioner appealed, and the Board of Immigration Appeals affirmed. Dkt. 8-3. Petitioner sought review by the Ninth circuit, which denied his petition in June 2004. Dkt. 8-4.
> In January 2005, the U.S. Immigration and Customs Enforcement Office of Enforcement and Removal Operations ("ICE-ERO") issued a Warrant of Removal/Deportation and ordered petitioner to appear for removal on February 7, 2005. Dkts. 8-5 & 8-6. Petition failed to appear. Dkt. 8-6.
> On September 26, 2017, petitioner was arrested in Spokane County, Washington, for Controlled Substance Possession and turned over to the U.S. Border Patrol. Dkt. 801 at 2. On October 3, 2017, he as transferred it ICE custody at the Northwest Detention Center. Id. On November 2, 2017, ICE-ERO delivered a request for a travel document to the Embassy of India ("the Embassy"). Dkt. 8-9 at 6; Dkt. 8-10. On March 15, 2018, the Embassy requested an updated National Verification form from petitioner. Dkt. 8-6 at 6. Petitioner completed the form, which ICE-ERO submitted to the Embassy on March 30, 2018. Id. Deportation Officer Scott Meyer, ICE-ERP's liaison with the Embassy concerning the removal of Indian nationals detained in Washington State, has submitted a declaration stating that he expects that the Embassy will issue a travel document in July 2018. Dkt. 9 and ¶ 8. To date, the Embassy has neither granted nor denied petitioner's request for a travel document.
> Since his arrest, petitioner has received two custody reviews. On December 27, 2017, an ICE officer determined to continue is detention, finding that he presented a flight risk and a danger to the community. Dkt. 8-8. On April 7, 2018, an ICE officer again reviewed petitioner's custody status and reached the same conclusion. Dkts. 8-1 & 8-9.

Dkt. No. 12, R&R at 2-3.

The Court updates the above facts by noting (as reflected in Dkt. No. 14, Government's Responses at 3) that Petitioner's travel document has not yet issued.

**Discussion**

While ICE, which has determined Petitioner to be both a flight risk and a danger to the community (*see* Dkt. Nos. 8-8, 8-9, 9), has the authority to detain Petitioner,[1] it is not permitted to do so indefinitely. Petitioner has been detained beyond the six-month period found "presumptively reasonable" in Zadvydas v. Davis, 533 U.S. 678, 701 (2001). However, the presumptive six-month period

> does not mean that every [noncitizen] not removed must be released after six months. To the contrary, [a noncitizen] may be held in confinement until it has been determined that there is no significant likelihood of removal in the reasonably foreseeable future.

Id.

The Magistrate Judge found that Petitioner has not met his burden of proving that there is "good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future." The Court agrees. The Indian Embassy has requested updated information and Petitioner presents no evidence to suggest that the Indian government is not processing the request for travel documents for Petitioner. Nor does Petitioner controvert DHS's finding that he is a flight risk who is unlikely to return for processing if released or to comply with an order of removal when one issues.

The Court is not persuaded that the inability of Officer Meyers to precisely predict when the travel document will issue renders Petitioner's detention "indefinite," and notes additionally

---

[1] "Additionally, petitioner is inadmissible because he is present in the United States without being admitted. *See* 8 U.S.C. § 1182(a)(6)(A)(i)." (R&R at 3.)

that the estimate of when that would occur was but one factor in the recommendation to dismiss the petition; the others being the indications that efforts to obtain the document are ongoing and the fact that the Indian government has not rejected the request.

**Conclusion**

Petitioner has not met his burden of demonstrating that his confinement is indefinite, that there is "no significant likelihood of removal in the reasonably foreseeable future." The Court adopts the Report and Recommendation, grants the Government's motion and dismissed Petitioner's habeas petition without prejudice to re-file his action should circumstances warrant.

The clerk is ordered to provide copies of this order to all counsel.

Dated September 19, 2018.

*[signature]*

The Honorable Marsha J. Pechman
United States Senior District Court Judge